IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| Jimmie Edwards, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No.   1:19-cv-4855 |
| Convergent Outsourcing, Inc., a Washington corporation, | ) ) ) ) | |
| Defendant. | ) | <u>Jury Demanded</u> |

**COMPLAINT**

Plaintiff, Jimmie Edwards, brings this action under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, <u>et</u> <u>seq.</u> ("FDCPA"), for a finding that Defendant's debt collection actions violated the FDCPA, and to recover damages, and alleges:

**JURISDICTION AND VENUE**

1. This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28 U.S.C. § 1331.

2. Venue is proper in this District because: a) the acts and transactions occurred here; b) Plaintiff resides here; and, c) Defendant transacts business here.

**PARTIES**

3. Plaintiff, Jimmie Edwards ("Edwards"), is a citizen of the State of Illinois, residing in the Northern District of Illinois, from whom Defendant attempted to collect a defaulted consumer debt that he allegedly owed to Citizens Bank, despite the fact that he had exercised his rights, pursuant to the FDCPA, to refuse to pay the debt and to be represented by the legal aid attorneys at the Chicago Legal Clinic's Legal Advocates for Seniors and People with Disabilities program ("LASPD"), located in Chicago, Illinois.

4. Defendant, Convergent Outsourcing, Inc. ("Convergent"), is a Washington corporation that acts as a debt collector, as defined by § 1692a of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, defaulted consumer debts. Convergent operates a nationwide default debt collection business, and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Convergent was acting as a debt collector, as that term is defined in the FDCPA, as to the defaulted consumer debts it attempted to collect from Plaintiff.

5. Defendant Convergent is authorized to conduct business in Illinois, and maintains a registered agent here, see, record from the Illinois Secretary of State, attached as Exhibit A. In fact, Defendant Convergent conducts extensive business in Illinois by writing and calling thousands of Illinois consumers.

6. Moreover, Defendant Convergent licensed as a collection agency in Illinois, see, record from the Illinois Division of Professional Regulation, attached as Exhibit B. In fact, Defendant Convergent acts as debt collection agency in Illinois.

**FACTUAL ALLEGATIONS**

7. Mr. Edwards is a disabled senior citizen, with limited assets and income, who fell behind on paying his bills, including the debt he allegedly owed to Citizens Bank. Convergent began trying to collect this debt from Mr. Edwards, by sending him a collection letter, dated January 1, 2019, in care of his attorneys at LASPD. A copy of this letter is attached as Exhibit C.

8. Accordingly, on February 13, 2019, one of Mr. Edwards' attorneys at LASPD confirmed to Convergent, in writing, that Mr. Edwards was represented by

2

counsel, and directed Convergent to cease contacting him, and to cease all further collection activities because Mr. Edwards was forced, by his financial circumstances, to refuse to pay his unsecured debts. A copy of this letter and fax confirmation are attached as Exhibit D.

9. Nonetheless, Defendant Convergent sent a collection letter, dated April 19, 2019, directly to Mr. Edwards, demanding payment of the Citizens Bank debt. A copy of this collection letter is attached as Exhibit E.

10. Accordingly, on June 12, 2019 one of Mr. Edwards' LASPD attorneys had to write to Defendant Convergent to demand, yet again, that it cease communications and cease collection of the debt. A copy of this letter and fax confirmation are attached as Exhibit F.

11. Defendant's violations of the FDCPA were material because, although Plaintiff had been informed by counsel and believed that he had the right to refuse to pay this debt and to demand that collection communications cease, Defendant's continued collection communications made Plaintiff believe that his demand had been futile and that he did not have the rights Congress had granted him under the FDCPA. Defendant's actions caused Plaintiff to question whether he was still represented by counsel as to this debt and caused him stress and confusion.

12. Defendant Convergent's collection actions complained of herein occurred within one year of the date of this Complaint.

13. Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard, see, Gammon v. GC Services, Ltd. Partnership, 27 F.3d 1254, 1257 (7th Cir. 1994).

## COUNT I
### Violation Of § 1692c(c) Of The FDCPA --
### Failure To Cease Communications And Cease Collections

14. Plaintiff adopts and realleges ¶¶ 1-13.

15. Section 1692c(c) of the FDCPA prohibits a debt collector from communicating with a consumer after a direction to cease communications, and from continuing to demand payment of a debt that the consumer has indicated that they refuse to pay, see, 15 U.S.C. § 1692c(c).

16. Here, the letter from Mr. Edwards' attorneys at LASPD told Defendant Convergent to cease communications and cease collections (Exhibit D). By continuing to communicate directly with Mr. Edwards regarding payment of this debt (Exhibit E), Defendant Convergent violated § 1692c(c) of the FDCPA.

17. Defendant Convergent's violations of § 1692c(c) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## COUNT II
### Violation Of § 1692c(a)(2) Of The FDCPA --
### Communicating With A Consumer Represented By Counsel

18. Plaintiff adopts and realleges ¶¶ 1-13.

19. Section 1692c(a)(2) of the FDCPA prohibits a debt collector from communicating with a consumer if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain such attorney's name and address, see, 15 U.S.C. § 1692c(a)(2).

20. Defendant Convergent knew that Mr. Edwards was represented by counsel in connection with this debt because his attorneys at LASPD had informed

4

Defendant, in writing (Exhibit D), that he was represented by counsel, and had directed Defendant Convergent to cease directly communicating with him. By directly sending Mr. Edwards the April 19, 2019 collection letter (Exhibit E), despite being advised that he was represented by counsel, Defendant Convergent violated § 1692c(a)(2) of the FDCPA.

21. Defendant Convergent's violations of § 1692c(a)(2) of the FDCPA render it liable for actual and statutory damages, costs, and reasonable attorneys' fees, see, 15 U.S.C. § 1692k.

## PRAYER FOR RELIEF

Plaintiff, Jimmie Edwards, prays that this Court:

1. Find that Defendant Convergent's debt collection actions violated the FDCPA;

2. Enter judgment in favor of Plaintiff Edwards, and against Defendant Convergent, for actual and statutory damages, costs, and reasonable attorneys' fees as provided by § 1692k(a) of the FDCPA; and,

3. Grant such further relief as deemed just.

## JURY DEMAND

Plaintiff, Jimmie Edwards, demands trial by jury.

                                                Jimmie Edwards,

                                                By: /s/ David J. Philipps
                                                One of Plaintiff's Attorneys

Dated: July 19, 2019

David J. Philipps    (Ill. Bar No. 06196285)
Mary E. Philipps    (Ill. Bar No. 06197113)
Angie K. Robertson (Ill. Bar No. 06302858)
Philipps & Philipps, Ltd.
9760 S. Roberts Road
Suite One
Palos Hills, Illinois 60465
(708) 974-2900
(708) 974-2907 (FAX)
davephilipps@aol.com
mephilipps@aol.com
angie@philippslegal.com